Others, Appellants.— Appeal dismissed as to defendants Joseph Longhway, Charles Edland and Edward Driscoll, upon stipulation filed. Judgment of conviction and order affirmed, as to the defendant John F. Otis. All concur.

JACOB ORESTER, Appellant, v. THE DAYTON RUBBER MANUFACTURING COMPANY, Respondent.— Judgment affirmed, with costs. All concur.

JOHN H. RAPP and Another, Respondents, v. GRACE HULQUIST and Another, Appellants.— Interlocutory judgment affirmed, with costs. All concur.

JOHN P. BROWN, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.— Judgment and two orders affirmed, with costs. All concur.

JOHN P. BROWN, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur.

ONEIDA COUNTY MACARONI COMPANY, INC., Respondent, v. NEWARK FIRE INSURANCE COMPANY, Appellant.— Judgment reversed and new trial granted, with costs to appellant to abide event. Held, that the evidence presented a question of fact which should have been submitted to a jury. All concur.

In the Matter of the Probate of the Last Will and Testament of ANDREW J. LEPPER, Deceased. HELEN A. ROBBINS, Appellant; SAMUEL McAULIFFE, as Executor, etc., Respondent.— Decree affirmed, with costs to respondents payable out of the estate. All concur, except Davis, J., who dissents.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. W. E. BRANCH, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein. Held, the statute* establishing " New York Standard A Grade " apples requires that apples offered for sale, so branded, shall conform to all the specifications required for such grade, except that the seller may have the benefit of the allowance or variations for defects in the percentages given in section 262 of the Agricultural Law.* All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. W. E. BRANCH, Defendant.— Plaintiff's exceptions sustained, and motion for new trial granted, with costs to plaintiff to abide event. Held, the plaintiff established on the trial a violation by the defendant of the provisions of section 262 of the Agricultural Law,* in that a barrel of apples packed and offered for sale by him on or about January 11, 1917, was misbranded and adulterated; that after making proof of the marking of the barrel and such offer of sale, it was not necessary for the plaintiff to make further proof that the apples contained therein were grown in this State. All concur.

WEAVER HARDWARE COMPANY, Respondent, v. MAX SOLOMOVITZ and Others, Appellants, Respondents.— Judgment affirmed, with costs. All concur.

REUBEN W. WRIGHT and Another, Appellants, v. BENJAMIN H. DAY and Another, Respondents.— Judgment affirmed, with costs. All concur.

RICHARD J. MURPHY, Respondent, v. WESTCOTT EXPRESS COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

RICHARD J. MURPHY, Respondent, v. WESTCOTT EXPRESS COMPANY, Appellant.— Order denying motion for new trial on ground of newly-discovered evidence, affirmed, with costs. All concur, except Kruse, P. J., who dissents.

* See Laws of 1915, chap. 217, amdg. Agricultural Law, § 262. Since amd. by Laws of 1917, chap. 345; Laws of 1919, chap. 233; Laws of 1920, chap. 610, and Laws of 1921, chap. 349.— [REP.